IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAUL JIMENEZ NINO<br>210 Webster St. NE<br>Washington, D.C. 20011<br><br>PLAINTIFF,<br><br>v.<br><br>HUA FU INC. D/B/A<br>TWIN DRAGON<br>5504 3rd St. NW<br>Washington, D.C. 20011<br><br>   Serve: Fu Xiu Zeng<br>   5504 3rd St. NW<br>   Washington, D.C. 20011<br><br>FU XIU ZENG<br>5504 3rd St. NW<br>Washington, D.C. 20011<br><br>And<br><br>WANG NENG-HSIANG<br>606 7th St. SW<br>Washington, D.C. 20024<br><br>DEFENDANTS. | Case No.: |

## COMPLAINT

Plaintiff Raul Jimenez Nino ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants Hua Fu Inc. d/b/a Twin Dragon ("Twin Dragon"), Fu Xiu Zeng ("Feng") and Wang Neng-Hsiang ("Hsiang" collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Washington D.C. By participating as a named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA.

2. Twin Dragon is a corporation formed under the laws of Washington D.C. and does business in the District of Columbia.

3. Zeng has owned and operated Twin Dragon from roughly May 2015 to the present.

4. Hsiang owned and operated Twin Dragon from the beginning of Plaintiff's employment until roughly May 2015.

5. Plaintiff was employed by Defendants to work on the kitchen. Plaintiff worked in the District of Columbia performing food prep and cooking.

6. On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, and otherwise worked on goods and materials (namely cooking supplies and other related items) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

8. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for purposes of the FLSA and DCMWA.

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29

U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

10. Defendants are subject to the DCMWA because Plaintiff has spent more than 50% of his time working in the District of Columbia.

## FACTS

11. Zeng or Hsiang owned and operated Twin Dragon throughout Plaintiff's employment. Throughout Plaintiff's employment, Zeng or Hsiang:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

   b. Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

   c. Set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule;

   d. Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

   e. Controlled, and was in charge of, Twin Dragon's day-to-day operations.

12. Raul Jimenez Nino worked for Defendants from roughly May 26, 2013 until December 20, 2016. Defendants paid Raul Jimenez Nino between $450.00 and $550.00 per week, regardless of the hours worked over forty (40).

13. Additionally, Plaintiff's "Regular Rate" fell below the federal and D.C. minimum wage.

14. Plaintiff worked more than 40 hours per week virtually every week.

15. Plaintiff's primary work duties did not qualify for any exemption under the FLSA

3

and DCMWA.

16. Defendants failed to pay Plaintiff at one-and-one-half times (1.5x) his regular rate for hours worked over forty.

17. Defendants' failure and refusal to pay Plaintiff minimum wage and overtime pay, as required by the FLSA and DCMWA, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

18. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

19. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

20. At all times, Plaintiff was an "employee" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

21. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

22. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of his employment.

23. As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) his regular rate for all overtime hours he worked.

24. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful

and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

25. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

26. Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

27. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

28. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours during Plaintiff's employment.

29. As set forth above, Defendants failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all the overtime hours he worked.

30. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

# COUNT III
## Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

31. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

32. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at an hourly rate in compliance with the D.C. minimum wage requirement set forth in the DCMWA.

33. As set forth above, Defendants failed to pay Plaintiff at an hourly rate that complies with the D.C. minimum wage requirement.

34. At all times during Plaintiff's employment, Defendants has actual knowledge of the D.C. minimum wage requirement and had actual knowledge that the rate and method by which Defendants paid Plaintiff was in direct violation of the requirement.

35. Defendants' failure to pay Plaintiff a minimum wage was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count III for the difference between the wages paid to Plaintiff and the minimum wages required by the DCMWA in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiff*